UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

VICTOR R. KLINEFELTER, II,

Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

Defendant.

NO: CV-11-252-RMP

ORDER ADRESSING CROSS MOTIONS FOR SUMMARY JUDGMENT

Before the Court are cross-motions for summary judgment, ECF Nos. 13, 20. The Court has reviewed the motions, the memoranda in support, the Plaintiff's reply memorandum, the administrative record, and is fully informed.

**JURISDICTION**

Plaintiff Victor R. Klinefelter, II, protectively filed for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") on February 15, 2008. (Tr. 93-104.) Plaintiff alleged an onset date of January 1,

2003, in both claims. (Tr. 93, 98.) Benefits were denied initially and on reconsideration. (Tr. 48-54, 58-61.)

On October 17, 2008, Plaintiff timely requested a hearing before an administrative law judge ("ALJ"). (Tr. 62.) A hearing was held before ALJ Louis J. Volz, III, on October 28, 2009. (Tr. 14, 24.) Plaintiff was represented by counsel Dana C. Madsen at the hearing. (Tr. 14, 24.) Testifying at the hearing were the Plaintiff, Vocational Expert Debra Lapoint, and Margie Taylor, a case manager at the House of Charity. (Tr. 24-43.) At the hearing, the Plaintiff moved to amend his onset date to June 1, 2005. (Tr. 33-34.) That motion was granted. (Tr. 34.)

On March 25, 2010, ALJ Volz issued a decision finding Plaintiff not disabled. (Tr.14-23.) The Appeals Council denied review. (Tr. 1-3.) This matter is properly before this Court under 42 U.S.C. § 405(g).

**STATEMENT OF THE CASE**

The facts of this case are set forth in the administrative hearing transcripts and record and will only be summarized here. Plaintiff was thirty-eight years old when he applied for benefits and was forty years old when ALJ Volz issued his decision. Plaintiff currently is unemployed and lives alone in a subsidized apartment. Plaintiff receives income through a state-based aid program and also receives food stamps. Plaintiff's income is managed by a payee who receives his

state aid and pays his bills and rent. Plaintiff has not worked since 2005. Plaintiff asserts that he suffers from depression, anxiety, and borderline intellectual functioning. Plaintiff asserts that this combination of ailments prevents him from being able to work.

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McCallister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989) (citing *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988)). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw

from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decisions of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making a decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**SEQUENTIAL PROCESS**

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if his impairments are of such severity that Plaintiff is not only unable to do his previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If the plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her RFC and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial

burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**ALJ'S FINDINGS**

The ALJ found that Plaintiff met the insured status requirements of the Act through March 31, 2008. (Tr. 16.) At step one of the five-step sequential evaluation process, the ALJ found that Plaintiff has not engaged in substantial gainful activity since June 1, 2005, the amended date of onset. (Tr. 16.)

At step two, the ALJ found that Plaintiff has the following severe impairments: depression, anxiety, borderline intellectual functioning, and poly-substance dependence in remission. (Tr. 16.) At step three, the ALJ found that none of Plaintiff's impairments, taken alone or in combination, met or medically equaled any of the impairments listed in Part 404, Subpart P, Appendix 1 or 20 C.F.R. (Tr. 16.)

At step four, the ALJ found that Plaintiff had only non-exertional limitations and that Plaintiff could perform unskilled work (simple repetitive tasks) in a low-stress environment. (Tr. 17-20.) The ALJ found that Plaintiff could perform his

past relevant work as a dishwasher. (Tr. 20.) As a result, the ALJ found that Plaintiff was not disabled as defined under the Act. (Tr. 20.)

## ISSUES

The question in this case is whether the ALJ's decision is supported by substantial evidence and is free of legal error. Specifically, Plaintiff argues that the ALJ incorrectly determined Mr. Klinefelter's RFC and that Mr. Klinefelter is more psychologically limited than was found by the ALJ. Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence because the ALJ failed to appropriately weigh the opinion of Amy Robinson, M.S., and W. Scott Mabee, Ph.D. Plaintiff also argues that the opinions of James E. Baily, Ph.D., and Mark Jones, Mr. Klinefelter's mental health counselor, also support a finding of further limitation.

## DISCUSSION

An RFC determination represents the most that a claimant can still do despite his physical and mental limitations. 20 C.F.R. §§ 404.1545, 416.945. In making an RFC determination, an ALJ must consider the opinions of examining doctors and licensed psychologists. *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). Where the opinion of the examining doctor or psychologist is not contradicted, an ALJ must provide clear and convincing reasons for rejecting his or her opinion. *Id.* Even where an opinion is contradicted by another doctor or

licensed psychologist, the ALJ must still identify specific and legitimate reasons that are supported by substantial evidence in the record for rejecting the examining medical professional's opinion. *Id.*

Plaintiff argues that the ALJ failed to consider two psychological evaluations by Amy Robinson, M.S., and W. Scott Mabee, Ph.D. The ALJ rejected Ms. Robinson's and Dr. Mabee's 2007 and 2009 opinions because they were not the product of "a psychologist, psychiatrist, licensed social worker or treating source." (Tr. 20.) Defendant has admitted in his response that Dr. Mabee is a psychologist and that the ALJ's basis for rejecting the 2007 and 2009 opinions is unsound. ECF No. 21 at 14. However, Defendant argues that the ALJ's erroneous rejection of Dr. Mabee's and Ms. Robinson's opinions is harmless because (1) the opinions were based in part on the Global Assessment of Functioning ("GAF") scale, which is not directly correlated with the severity requirements of social security mental disorder listings; (2) Ms. Robinson and Dr. Mabee's reports fail to identify the bases for their conclusions as to Mr. Klinefelter's functional limitations; and (3) Ms. Robinson's and Dr. Mabee's conclusions contradict the evidence in the record.

The GAF scale is "used in the multiaxial evaluation system endorsed by the American Psychiatric Association." 65 Fed. Reg. 50746, 50764-65 (August 21, 2000). The Commissioner has provided clear guidance that the GAF scale does

not perfectly correlate with the severity requirements of the administration's mental disorders listings. *Id.* However, nothing in the Commissioner's guidance suggests that the GAF is not a useful tool that may be produced in support of an acceptable medical source's opinion. Defendant has provided no source suggesting that use of the GAF scale invalidates a medical opinion. Accordingly, the use of the GAF scale as a diagnostic tool does not excuse the ALJ's failure to address Dr. Mabee's and Ms. Robinson's opinions.

Defendant's second argument is that the ALJ's failure to appropriately address Ms. Robinson's and Dr. Mabee's opinions was harmless because their conclusions as to Mr. Klinefelter's limitations were not supported by medical evidence. Specifically, in their 2009 report, Ms. Robinson and Dr. Mabee used a series of check boxes to denote their opinions as to Mr. Klinefelter's limitations. (Tr. 263.) In support of those conclusions, the authors direct the reader to "Please See Narrative." (Tr. 263.) Defendant argues that this direction is insufficient to support the author's conclusions as to Mr. Klinefelter's limitations.

The Court finds that the narrative explains that Mr. Klinefelter was examined by the authors and that a plethora of diagnostic tools were used in evaluating Mr. Klinefelter. The narrative provides detailed diagnoses as to Mr. Klinefelter's cognitive and social functions that expand upon the check box diagnoses. (Tr. 267-72.) The Court concludes that the narratives contained in the

2007 and 2009 evaluations provide substantial evidence to support Ms. Robinson's and Dr. Mabee's conclusions.

Defendant's final argument in favor of the harmlessness of the ALJ's rejection of the 2007 and 2009 evaluations is that the reports are not consistent with the evidence upon which they rely. Specifically, Defendant argues that the authors' conclusions that Mr. Klinefelter has moderately or markedly limited mental function is belied by the fact that Plaintiff scored within normal limits on a formal cognitive function test. However, the evaluations also evidence that Mr. Klinefelter scored in the third percentile on an intelligence test.

Defendant's remaining challenge to the evaluations of Ms. Robinson and Dr. Mabee are that those evaluations are inconsistent with the opinion of Mr. Klinefelter's counselor, Mark Jones. However, it is not for this Court to weigh competing evidence in the record. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). Conflicting evidence in the record must be addressed by the ALJ, and the ALJ must provide specific reasons for rejecting examining medical evidence. *Widmark*, 454 F.3d at 1066. Accordingly, the existence of competing evidence in the record gives rise to the ALJ's duty to provide reasons rejecting it, rather than absolving the ALJ of that duty.

Plaintiff asks this Court to remand this case for an award of benefits. However, even if the Court were to credit the evaluations of Ms. Robinson and Dr.

Mabee as true, issues of fact remain that preclude an award at this time. Specifically, at the October 28, 2009, hearing, Plaintiff's representative presented VE Lapoint with a hypothetical individual suffering the limitations identified by Ms. Robinson and Dr. Mabee in their 2009 evaluation. (Tr. 37-38.) Based on that hypothetical, VE Lapoint testified that a person suffering those limitations would not be able to perform any work. (Tr. 38.) However, in presenting the hypothetical to VE Lapoint, Mr. Klinefelter's representative provided different definitions of what constituted moderate and marked limitations than the definitions reflected in the 2009 evaluation. *Compare* (Tr. 38) *with* (Tr. 261.) The record is insufficient to determine whether a person suffering the limitations identified by Ms. Robinson and Dr. Mabee would be able to find work in the national economy. Accordingly, this case must be remanded.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's motion for summary judgment, **ECF No. 13**, is **GRANTED**.
2. Defendant's motion for summary judgment, **ECF No. 20**, is **DENIED**.

/ / /

/ / /

/ / /

/ / /

/ / /

3. The case is **REMANDED** to the ALJ. On remand, the ALJ shall hold a new hearing to take additional vocational expert testimony at step five. The ALJ shall also consider any new evidence submitted after issuance of the ALJ's decision and issue a new five-step decision.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order, to provide copies to counsel, and to **CLOSE** this file.

**DATED** this 28th day of March 2013.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge